'08 CIV 5609

333-08/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Gina M. Venezia (GV1551)
Barbara G. Carnevale (BC 1651)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONTAINER LEASING INTERNATIONAL, LLC, f/d/b/a CARLISLE LEASING INTERNATIONAL, LLC

    Plaintiff

-against-

WETHOLD INTERNATIONAL B.V. and EUROPA WEST-INDIE LIJNEN B.V. a/k/a EUROPA WEST INDIES LIJNEN B.V.

    Defendants.

08 Civ. _____ (___)

**VERIFIED COMPLAINT**

---

    Plaintiff Container Leasing International, LLC f/d/b/a Carlisle Leasing International, LLC (hereinafter "Carlisle" or "Plaintiff") (currently d/b/a Seacastle Container Leasing), as and for its Verified Complaint against the named Defendants Wethold International B.V. (hereinafter "Wethold") and Europa West-Indie Lijnen B.V. a/k/a Europa West Indies Lijnen B.V.(hereinafter "EWIL") (collectively "Defendants"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract for the lease of freight containers used for carriage of cargo on seagoing vessels, and thus falls

under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. The Court also has jurisdiction under U.S.C. §1332 in that it involves a suit between citizens of different states with the amount in controversy in excess of $75,000, exclusive of interest and costs.

2. At all times relevant hereto, Plaintiff Carlisle was and still is a domestic business entity duly organized and existing under the laws of New York with an office and place of business at 1 Maynard Drive, Park Ridge, New Jersey 07656.

3. At all times relevant hereto, Defendant Wethold was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Gebouw Willemswerf, Boompjes 40, 4th Floor, 3011 XB Rotterdam, Netherlands.

4. At all times relevant hereto, Defendant EWIL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Gebouw Willemswerf, Boompjes 40, 4th Floor, 3011 XB Rotterdam, Netherlands.

5. Pursuant to a certain container lease agreement entitled "Agreement on General Terms and Conditions" dated October 7, 2006, and amended by virtue of an addendum dated October 18, 2006, and an addendum dated February 9, 2007, Plaintiff Carlisle, as lessor, and Defendants, as lessees, entered into a maritime contract for the lease of ocean reefer containers which were to be made available to Defendants for use in their ocean cargo carrying service in exchange for Defendants' agreement, *inter alia,* to pay hire for the daily use of the containers.

6. Pursuant to the agreement described in Paragraph 5, containers were made available to Defendants who received and accepted them and placed them into their service thereby incurring daily hire charges.

7. Defendants are in arrears in the payment of their obligations to timely pay the daily charges for the subject containers, and as of June 17, 2008, there was due and owing the

sum of $1,549,858.41 due from Defendants to Plaintiff, no part of which has been paid despite due demand. (Exhibit 1 hereto is a copy of the Statement of Account).

8. The failure to pay the hire as outlined above constitutes a breach of the subject contract.

9. Plaintiff has fulfilled all obligations required of it under the subject contract.

10. This action is brought to seek recovery of the amounts due under the subject contract and to obtain security in favor of Plaintiff in respect to those claims.

11. The claim as pled is without prejudice to Plaintiff's right to amend for additional damages and/or losses, and Plaintiff's election to sue solely for outstanding container hire at this stage is without prejudice to its other rights and remedies under the contracts, at law and in equity to pursue any and all additional remedies as may be available.

12. In addition, and pursuant to the terms of the subject contract, Defendants are liable for all reasonable costs and attorneys' fees incurred in the event of a breach, and Plaintiff estimates, as nearly as can be computed, that attorneys' fees and costs to be incurred in connection with this collection effort to be $150,000.00 subject to amendment in the event additional breaches or further collection effort is necessary.

13. Further, and in connection with the attachment sought herein, Plaintiff seeks interest on the contract rate of 18% for a period of two years on the principal sum identified above, for total interest of $608,164.00. (*See* Agreement on General Terms and Conditions Clause 2(c)).

### Request for Rule B Relief

14. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain

Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of their respective names or for their benefit, at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro, American Express Bank, BNP Paribas, Bank of America, Bank of China, Citibank, Deutsche Bank, HSBC, HSBC USA Bank NA, JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, The Bank of New York Mellon, Wachovia Bank, and/or other institutions or such other garnishees who may be served with a copy of the process of Attachment issued herein.

15.     The total amount for which an attachment is sought is $2,308,022.85, as outlined above.

WHEREFORE, Plaintiff prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing, failing which a default will be taken against them;

b.  That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants up to and including $2,308,022.85 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of

Defendants (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in either of their respective names, or as may be held, received or transferred for their benefit, at or moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro, American Express Bank, BNP Paribas, Bank of America, Bank of China, Citibank, Deutsche Bank, HSBC, HSBC USA Bank NA, JP Morgan Chase Bank, Societe Generale, Standard Chartered Bank, The Bank of New York Mellon, Wachovia Bank, and and/or other garnishee(s) which may subsequently be identified and upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c.   That the Court enter judgment against Defendants for the full amount of Plaintiff's claim together with costs and reasonable attorneys' fees and allow execution in respect of that judgment against any restrained funds; and

d.   For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 20, 2008

_____
Peter J. Gutowski (PG 2200)
Gina M. Venezia (GV 1551)
Barbara G. Carnevale (BC 1651
FREEHILL HOGAN & MAHAR, LLP
80 Pine St.
New York, NY 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
*Attorneys for Plaintiff Container Leasing International, LLC f/d/b/a Carlisle Leasing International LLC*

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

GINA M. VENEZIA, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Gina M. Venezia

Sworn to before me this
20 day of June 2007

_____
Notary Public

MARTHA L. BROWN
Notary Public, State of New York
No. 01BR6067399
Qualified in Kings County
Certificate Filed in New York County
Commission Expires December 10, 2009

NYDOCS1/306993.1                                6



**Seacastle Container Leasing**
1 Maynard Drive
Park Ridge, NJ 07656, USA
Tel: +1 (201) 391-0800
Fax: +1 (201) 391-0356

**Statement Of Account**
**As of June 17, 2008**

Wethold International B.V.
Boompjes 40, 4th Floor
3011 XB Rotterdam
The Netherlands

| Invoice Number | Contract Number | Invoice Date | Invoice Due Date | Amount Due |
|---|---|---|---|---|
| 32270 | EWIL001A | 12/15/2007 | 1/31/2008 | $143,480.40 |
| 32282 | EWIL001 | 12/15/2007 | 1/31/2008 | $70,910.64 |
| 32307 | EWIL002 | 12/15/2007 | 1/31/2008 | $44,640.00 |
| 33543 | EWIL001A | 1/15/2008 | 2/29/2008 | $143,480.40 |
| 33555 | EWIL001 | 1/15/2008 | 2/29/2008 | $70,910.64 |
| 33716 | 2331 | 1/15/2008 | 2/29/2008 | $58.50 |
| 33717 | 2332 | 1/15/2008 | 2/29/2008 | $36.50 |
| 33813 | EWIL002 | 1/15/2008 | 2/29/2008 | $44,600.00 |
| 34298 | 2331 | 2/15/2008 | 3/31/2008 | $2.70 |
| 34724 | EWIL001A | 2/15/2008 | 3/31/2008 | $134,223.60 |
| 34735 | EWIL001 | 2/15/2008 | 3/31/2008 | $66,335.76 |
| 34757 | EWIL002 | 2/15/2008 | 3/31/2008 | $41,695.00 |
| 35400 | EWIL002 | 3/15/2008 | 4/30/2008 | $44,330.00 |
| 35841 | EWIL001A | 3/15/2008 | 4/30/2008 | $143,480.40 |
| 35853 | EWIL001 | 3/15/2008 | 4/30/2008 | $70,910.64 |
| M0006819 | EWIL001A | 4/8/2008 | 5/8/2008 | $21,960.00 |
| M0006857 | 2331 | 4/8/2008 | 5/8/2008 | $4.00 |
| M0006858 | 2072 | 4/8/2008 | 5/8/2008 | $2.00 |
| 36474 | EWIL002 | 4/15/2008 | 5/31/2008 | $42,770.00 |
| 36898 | EWIL001A | 4/15/2008 | 5/31/2008 | $138,852.00 |
| 36910 | EWIL001 | 4/15/2008 | 5/31/2008 | $68,623.20 |
| M0007566 | EWIL002 | 5/8/2008 | 6/7/2008 | $140.99 |
| 37389 | EWIL002 | 5/15/2008 | 6/30/2008 | $44,020.00 |
| 37658 | EWIL001 | 5/15/2008 | 6/30/2008 | $70,910.64 |
| 37672 | EWIL001A | 5/15/2008 | 6/30/2008 | $143,480.40 |

$1,549,858.41

**Bank Instructions - Wire Only:**

Bank of America
100 Federal Street
Boston, MA 02110

ABA: 026009593 (Wires)
011000138 (ACH)
Swif Code: BOFAUS3N

A/C No: 9429134790



EXHIBIT
1