333-08/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTAINER LEASING INTERNATIONAL, LLC, f/d/b/a CARLISLE LEASING INTERNATIONAL, LLC<br><br>　　　　　　　Plaintiff<br><br>-against-<br><br>WETHOLD INTERNATIONAL B.V. and EUROPA WEST-INDIE LIJNEN B.V. a/k/a EUROPA WEST INDIES LIJNEN B.V.<br><br>　　　　　　　Defendants. | 08 CV 5609 (LAP)<br><br>**AFFIDAVIT FOR CERTIFICATE OF DEFAULT AGAINST DEFENDANT <u>EUROPA WEST-INDIE LIJNEN</u>** |

STATE OF NEW YORK　)
　　　　　　　　　　　) ss:
COUNTY OF NEW YORK )

　　　1.　　I, GINA M. VENEZIA, am an attorney admitted to practice before this Court and a partner at Freehill Hogan & Mahar, LLP. Our office represents Plaintiff Container Leasing International LLC, f/d/b/a/ Carlisle Leasing International, LLC (hereinafter "Plaintiff") in the captioned matter which involves a maritime attachment pursuant to Supplemental Admiralty Rule B against Defendants Wethold International B.V. ("Wethold") and Europa West-Indie Lijnen B.B., a/k/a Europa West Indies Lijnen B.V. (hereinafter "EWIL").

　　　2.　　I make this affidavit based upon my personal knowledge, including information contained in my file and in the Court record.

3. I submit this affidavit pursuant to Rule 55.1 of the Local Civil Rules for the Southern District of New York, in support of Plaintiff's application for a certificate of default against Defendant EWIL and confirm the following: (1) Defendant EWIL is a legal entity and is not an infant, in the military or an incompetent person, and as explained more fully below, (2) EWIL has failed to plead or otherwise defend the action and (3) the pleading to which no response has been made was properly served in accordance with Supplemental Admiralty Rule B. Plaintiff is thus entitled to a Certificate of Default of Defendant EWIL in accordance with Local Civil Rules 55.1.

4. This action was commenced on June 20, 2008, with the filing of a Verified Complaint seeking, among other things, security pursuant to Supplemental Admiralty Rule B for Plaintiff's claims against Defendants arising out of maritime contracts for the lease of freight containers for the carriage of cargo on seagoing vessels and Defendants' failure to pay amounts due and owing under the contracts.

5. At the time of the filing of the Verified Complaint, an order of attachment was sought and obtained requiring the restraint of any assets of Defendants EWIL and Defendant Wethold, up to and including, an amount of $2,308,022.85.

6. A number of garnishee banks, including BNP Paribas and ABN Amro, were served with the PMAG, and funds totaling $472,592.79 have been restrained as follows:

   a. On or about July 2, 2008, funds in the amount of $114,903.75 for the benefit of Defendant EWIL were restrained at BNP Paribas;

   b. On or about July 2, 2008, funds in the amount of $16,048.81 for the benefit of Defendant EWIL were restrained at ABN Amro;

    c. On or about July 3, 2008, funds in the amount of $305,929.87 originating from Defendant EWIL was restrained at ABN Amro.

    d. On or about July 9, 2008, funds in the amount of $35,710.36 originating from Defendant EWIL were restrained at ABN Amro.

7. These funds remain under attachment, and to my knowledge, are the only funds under restraint in this action.

8. The restraint of the funds described above gives rise to the Court's *quasi in rem* jurisdiction, and Plaintiff seeks a default judgment against Defendant EWIL up to and including the sum of $472,592.79 (the amount under attachment).

9. As set forth in the Affidavit of Service of Compliance with Supplemental Admiralty Rule B(2), filed by Plaintiff on July 18, 2008, (ECF Doc. 6), Plaintiff has complied with the notice and service requirements of Supplemental Admiralty Rule B(2) and has made diligent efforts to, and has, in fact, notified Defendant EWIL of this action on the following dates: July 3, 2008, and July 9, 2008. Additionally, on July 3, 2008, we served Defendant EWIL, via International Federal Express, with a copy of the Summons, Verified Complaint and Process of Maritime Attachment and Garnishment, all in accordance with Supplemental Admiralty Rule B(2). Finally, on July 18, 2008, we served Defendant EWIL with a copy of the Court's order as directed.

10. Defendant EWIL has failed to plead or otherwise defend this action despite being properly served pursuant to Supplemental Admiralty Rule B(2), and the time for EWIL to answer the complaint has expired.

WHEREFORE, Plaintiff requests a certificate of entry of default by the Clerk pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rules 55.1 and 55.2(a) against Defendant Europa West-Indie Lijnen B.V. a/k/a Europa West Indies Lijnen B.V.

_____<br>GINA M. VENEZIA

Sworn to before me this
11th of August 2008.

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010